authority of **Detroit, T. & I. R. Co. v. Rohrs, 114 Oh St 493, 151 N. E. 714; Pennsylvania R. Co. v. Rusynik, 117 Oh St 530, 159 N. E. 826, 56 A. L. R. 538; Pennsylvania R. Co. v. Moses, 125 Oh St 621, 184 N. E. 8.** See **Lang v. Pennsylvania R. Co., 59 Oh Ap 345, 13 O. O. 135, 18 N. E. (2d), 274; Detroit T. & I. Rd. Co. v. Yeley, 6 Cir., 165 F. (2d), 375.**

**SHOK, Appellant, v. CLEVELAND (City), et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25103. Decided June 23, 1960.

Paul Mancino, for appellant.

Ralph Locher, Director of Law, John L. Lamb, Asst. Director of Law, Cleveland, for appellees.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By DOYLE, PJ.

Under Section 127 of the Charter of the City of Cleveland, "The Civil Service Commission shall make, promulgate, and when necessary may amend, rules for the appointment, promotion, transfer, layoff, reinstatement, suspension and removal of City officials and employees in the Classified Service * * *."

Under Section 128 * * * M of the said Charter, it is ordered that the rules of the Civil Service Commission shall among other things provide: "* * * (1) For suspension, by the appointing authority, for purposes of discipline, for a period not to exceed thirty days at any one time."

In conformity to the Charter, the Civil Service Commission formulated and adopted certain rules and regulations. It adopted Rule IX, Section 2, as follows:

"When any officer or employee in the classified service of the City is to be discharged, suspended, or reduced in rank or compensation, the appointing authority shall first notify any such officer or employee of

the reasons therefor specifically stated in writing. The notice shall also set forth an appointed time, within five days, when such officer or employee may be heard in his own defense before the director of the department concerned. The notice herein provided for shall be served personally upon such officer or employee or by depositing the same in the United States Mails addressed to his last known address."

In the appeal before us from a judgment of the Common Pleas Court of Cuyahoga County, it appears that the appellant, Elizabeth Shok, a telephone operator in the classified Civil Service of the City of Cleveland, was, on August 26, 1958, suspended from her position for a period of twenty-eight days by the appointing authority, Harold J. Lausche, Commissioner, Division of Parks, City of Cleveland. She was notified in writing, by the Commissioner, of her suspension on the grounds of insubordination and incompetency.

Several days later, on August 31, 1958, she requested a hearing by the Commissioner on the charges made against her. In the letter of request she denied the charges. At a later date, September 16, 1958, the City of Cleveland, through its law department, advised her in writing that "pursuant to the amendment to Rule IX of the rules of the Civil Service Commission (effective 10/21/46) your request for a hearing must be denied. Said amendment specifically deleting the provision for hearing contained in the former section on suspensions of thirty days or less."

On September 23, 1958, the appellant, through her counsel, requested by letter to the Civil Service Commission a "hearing and appeal." The letter read:

"On August 26, 1958, Mr. Harold J. Lausche, Commissioner of the Division of Parks of the City of Cleveland, Ohio, sent a letter to your Commission and to Mrs. Elizabeth Shok suspending her for twenty-eight days for the reasons set forth in said letter. The original of said letter was mailed to you and a copy thereof to Mrs. Elizabeth Shok. Subsequent thereto, on August 31, 1958, we requested a hearing before the Commission on said charges and the said charges were denied on behalf of the employee. On September 16, 1958, we received a letter from the law department to the effect that, under Rule IX, as amended effective October 21, 1956, we were not entitled to a hearing. We feel that this matter of denying a hearing to Mrs. Elizabeth Shok is contrary to law and contrary to her constitutional rights to have her charges proven and to give her an opportunity to refute them. I, therefore, request that the Commission entertain an appeal on said matter to vacate the arbitrary and unlawful order of the Commissioner, and that said suspension be vacated and set aside and Mrs. Elizabeth Shok be reinstated and be paid her salary for said period."

The Civil Service Commission denied the appellant's request, following which she sought relief in the Common Pleas Court.

In her petition in the Common Pleas Court, after alleging sufficient facts to state her claim, she prayed "that the order of suspension * * * be set aside, vacated and held for naught; that plaintiff be reinstated, and the defendants be ordered to reinstate her under the rules of the Civil Service of the City of Cleveland, Ohio, and that said sus-

pension and days which she was denied the right to work be set aside and held for naught and that the plaintiff be paid her salary and wages during said period and the defendants be so 'ordered to pay her for wages lost; that the action of the defendants in suspending the plaintiff as aforesaid be held arbitrary and unlawful and that the plaintiff be reinstated and that she be given such further relief as the Court may deem just and equitable in the premises."

The Court, upon hearing, found for the defendants and against the plaintiff. The appeal to this Court is from that judgment.

Returning now to Cleveland's Charter provision, Section 128 * * * M, supra, and the Civil Service Commission's Rule IX, Sec. 2, supra, it appears obvious that the Commission had not complied with the mandatory provision of the Charter that it provide for "suspension by the appointing authority, for purposes of discipline, for a period not to exceed thirty days, at any one time."

Apparently to remedy this defect, the Commission promulgated Section 2a of Rule IX, which section forms the ground for the stand of the Commissioner and the Civil Service Commission.

Rule IX, 2a, is:

"Notwithstanding the provision of Section 2 of this rule, when any officer or employee in the classified service of the city is suspended by the appointing authority, for purposes of discipline, for a period not to exceed thirty days at any one time, it shall be only necessary for the appointing authority to notify the Commission forthwith in writing of such suspension, the reason or reasons therefor, and the duration thereof; provided, however, that, at the same time such written notice is sent to the Commission, a carbon copy thereof shall be delivered to the suspended officer or employee by the appointing authority. The Commission will entertain no appeal from a suspension under this section."

As we view the impact of this rule upon the appellant, it gives to the Commissioner full power to suspend her for purposes of discipline for a period of not exceeding thirty days, and that she has no right to a hearing before the Commissioner, nor does she have the right of appeal to the Civil Service Commission.

The rule as it now stands does not conflict with any constitutional or statutory rights of the appellant. It gives power to the appointing authority to be exercised, if necessary, for disciplinary purposes, to promote and maintain efficiency among his employees, none of whom, of course, have a vested right to their employment.

Under the civil service statutes of the state will be found §143.26 R. C., which in part provides:

"* * * Secs. 143.01 to 143.48, inclusive, R. C., do not limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee for a reasonable period, not exceeding thirty days, excepting that in the case of the chief of police or chief of a fire department or any member of a police or fire department of a city, the suspension shall be made in the manner and subject to the right of appeal as provided in this section. Successive suspensions shall not be allowed, and this section does not apply to temporary and exceptional appointments made under the authority of §143.23 R. C."

202

The similarity between this section of the Code and the municipal legislation is here noted. Neither of the provisions limits the power of an appointing officer to suspend an employee for a reasonable time without pay for purposes of discipline, except that the period of suspension must not exceed thirty days, and successive suspensions are not allowed. Procedural requirements, except as therein stated, and a right of appeal, are not applicable to such suspensions.

See: State, ex rel. Robinson, v. Allman, Dir. of Public Welfare, 134 Oh St 502; State, ex rel. Hout, v. Beightler, Dir. of Dept. of Highways, 135 Oh St 444.

We find no error in the judgment of the Court of Common Pleas, and it will be affirmed.

Judgment affirmed.

HUNSICKER and GRIFFITH, JJ, concur.